# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00666 DAD DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Kevin E. Fields ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 5, 2014, in the Sacramento Division of the United States District Court for the Eastern District of California. On April 30, 2015, the action was transferred to the Fresno Division and assigned to the docket of the undersigned. Plaintiff names the following 93 individuals as Defendants: Jeffrey Beard, Martin Hoshimo, M. D. Stainer, Kathleen Allison, Kelly Harrington, Natalie Fransham, Joe Stein, Brent Burkhart, J. A. Zamora, J. D. Lozano, R. L. Davis, C. Hammond, D. Davey, C. Gipson, G. Santor, R. K. Swift, T. Perez, J. Cavazos, M. Sexton, M. Jennings, J. C. Smith, R. S. Lambert, S. Johnson, M. Junious, R. Broomfield, C. Moreno, C. Rodriguez, S. C. Rousseau, M. Gamboa, K. Weatherford, C. Munoz, J. Callow, A. De La Cruz, A. Valdez, A. De Los Santos, A. Gonzales, R. Vogel, A. Perez, D. B. Hernandez, E. Molina, S. Leon, A. Peterson, D. Case, J. Nail, M. Calhoun, D. Madsen,

1

M. Mason, M. Cuevas, V. Montoya, J. Padanos, K. Morrison, M. Singh, P. Munoz, R. Mariscal, K. L. Carter, R. Botello, L. Borges, S. Cordova, H. German, P. Holguin, W. Hayward, R. Zamora, P. Sanchez, J. Renteria, G. Lockhart, M. Portillo, A. Ward, Z. Dean, P. Davis, N. Diaz, A. Pacillas, D. Goree, M. Oliveira, Mary Kimbrell, G. Mascarenas, A. Leyva, Karen Cribbs, J. Buckley, T. Macias, Jeffrey Wang, Olga Beregovskaya, Edgar Clark, Julian Kim, Jong Moon, Ravijot Gill, P. Rouch, J. Bondoc, L. Vasquez, D. Osuma, Joe Medina, Jeff Carrol, Louie Cruz, and Chuck Mauldin.

## A.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Corcoran State Prison ("CSP") where the events giving rise to this action took place.

Plaintiff alleges the following.  Plaintiff is an African-American with severe chronic obstructive pulmonary disease ("COPD") i.e., asthma, and severe hypertension.  He is prescribed the following aerosol inhalers: Atrovent, Flovent, and Xopenex.

CSP is one of California's eight prisons located in a hyperendemic region for Coccidioidomycosis, commonly referred to as "Cocci" or "Valley Fever."  Cocci/Valley Fever is an infectious disease caused by inhalation of a fungus (Coccioides) that lives in the soil of dry, low rainfall areas.  It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds.  There is no direct person-to-person transmission of infection, and there is no vaccination to protect against Cocci infection.  Severe disease or dissemination may develop in anyone, but African-Americans, Filipinos, people with weak immune systems, and those with chronic illnesses such as diabetes or chronic lung disease are at increased risk of developing severe disease.

On July 10, 2013, and September 17, 2013, Plaintiff sent letters to Defendant Beard apprising him that Plaintiff is an African-American with an increased risk for contracting Cocci.  He requested that he be transferred from CSP-Corcoran to CSP-Sacramento which is located in a non-hyperendemic region for Cocci.  Defendant Beard ignored his requests on both occasions.

Between July 10, 2013, and August 29, 2014, Plaintiff sent letters and CDCR-22 inmate/parolee requests for interview to Defendants Gipson, Davey, Santor, Lopez, Swift, Perez, Sexton, Jennings, Smith, Cavazos, Lambert, Johnson, Junious, Broomfield, Moreno, Rodriguez, Rousseau, Gamboa, Munoz, Callow, De La Cruz, De Los Santos, Valdez, Gonzalez, Vogel,

3

Weatherford, A. Perez, Hernandez, Molina, Leon, Peterson, Case, Nail, Calhoun, Madsen, Mason, Montoya, Cuevas, Padanos, Kimbrell, P. Davis, Diaz, Pacillas, Goree, Cribbs, Buckley, Doe Beregovskaya, Clark, Wang, Kim, Moon, Gill, Rouch, Bondoc, and Osuma. Plaintiff advised them that he was an African-American with severe COPD and uncontrolled hypertension, and that he was at an increased risk of contracting Cocci. He requested he be referred to the ICC for a transfer out of the hyperendemic region. His requests were ignored. On several occasions, Plaintiff asked Defendants in person to be referred to the ICC for transfer. Defendants refused to make a referral.

On or about April of 2014, Plaintiff made an appearance before the ICC and again apprised Defendants Sexton and Broomfield that he was an African American with an increased risk of contracting Cocci and desired to be transferred to a non-hyperendemic region. Defendants responded by saying, "You named us as defendants in a previous lawsuit, and now you want us to do you a favor. Well it's not going to happen."

Plaintiff claims Defendants know of the substantial risk of serious harm to his health and are refusing to take any action to abate the risk. Plaintiff further claims that Defendants Sexton and Broomfield retaliated against him for naming them in a lawsuit by refusing to transfer him. Plaintiff claims Defendants violated his First and Eighth Amendment rights because he fears he will contract Valley Fever.

Plaintiff next claims that Defendants Gipson, Santor, Cavazos, Lambert, Johnson, Junious, Sexton, Broomfield, Moreno, Rodriguez, Rousseau, C. Munoz, Callow, Hernandez, Peterson, Case, Vogel, Mason, Madsen, Calhoun, Nail, Carter, P. Munoz, Borges, German, Botello, Cordova, Holguin, Sanchez, Ward, Renteria, Hayward, Lockhart, Portillo, Morrison, Medina, Carrol, Cruz, and Mauldin were deliberately indifferent to conditions of confinement that violate the Eighth Amendment. Plaintiff claims that between September 2011 and February 2013, the roof of Facility 4A, Building/Unit 2-Right ("4A2R") was in such disrepair that every time it rained, contaminated water rapidly leaked into his cell saturating pillows, mattresses, linen, and legal, personal and state property. Plaintiff states his cell was located in a corner adjacent to a floor drain that was clogged with fecal matter, vermin, bird droppings and dirt. Plaintiff claims that between September 2011 and February 2013, the roof in 4A2R's B-section dayroom also leaked causing contaminated water to

4

cover his entire cell floor. Plaintiff claims Defendants refused to "redline" his cell, i.e., declare it unsafe for occupancy, until repairs could be made and floor drains removed, cleaned and sanitized.

Plaintiff claims he had a face-to-face interview with Defendant Mauldin concerning a 602 he filed about the floor drain covers. Plaintiff asked him to have his subordinates remove the floor drain cover so it could be cleaned and sanitized. Mauldin said, "We're not removing the drain covers because [we] don't want to break the screws on the drain covers." Plaintiff asked Mauldin if the screws and covers were more important than inmates health and he replied, "Yes," and then walked away.

Plaintiff further complains that Defendants failed to provide Plaintiff with uncontaminated pillows, mattresses, blankets, sheets, towels, t-shirts, boxer shorts, socks and shoes even though his had been saturated with contaminated water. Plaintiff was advised to wait until supply day because the state was broke. Plaintiff alleges Defendants subjected him to conditions of confinement in violation of the Eighth Amendment, that they failed to take reasonable steps to abate the problems, and that their actions did not reasonably advance any penological interest or correctional goal.

Plaintiff next alleges that on September 10, 2013, at approximately 8:15 a.m., he was escorted to Facility 4A – Law Library by 4A2L Correctional Officer Navarro and an unknown correctional officer. Upon entering the law library, Plaintiff saw Defendants Portillo and Borges standing adjacent to the custody officer's desk. Upon seeing Plaintiff, Defendant Borges said to Portillo, "That's Fields, the motherfucker who sued me and everyone else about the roof leaking." After being secured in his study cell, Portillo approached and asked if he had sued his partners. Plaintiff asked Portillo what business of his it was who he sued. Portillo became very angry and said, "Motherfucker I'm going to show you what business of mine it is you sue." He then stormed out of the facility with Borges in tow.

At approximately 12:20 p.m., Plaintiff was escorted back his cell. Upon entering, Plaintiff saw that his cell had been ransacked. He asked escorting officers Navarro and Messick who had ransacked his cell and they both responded, "C/O Portillo did your cell like that." When Plaintiff told Navarro and Messick to tell Defendant Peterson that Plaintiff wanted to talk to him they said he would be wasting his time because he and Defendant Perez had allowed Portillo to ransack his cell.

5

Plaintiff claims that Portillo broke the coaxial cable connector off of his television, tore his guide to Federal Rules of Civil Procedure, and confiscated four books of stamps, his Straight Stuntin magazine, and his medically-prescribed pillows. Plaintiff alleges Defendant Portillo took these actions in retaliation for Plaintiff suing his partners. Plaintiff claims Defendants Portillo, Borges, Peterson and A. Perez retaliated against him in violation of the First Amendment.

Last, Plaintiff alleges that on November 2, 2013, Defendant Portillo approached his assigned cell with breakfast meal trays and sack lunches. Plaintiff had two pieces of paper in his cell-door window which Portillo instructed Plaintiff to remove. Plaintiff responded, "Okay, that's not a problem," and removed the paper from the windows. Portillo then told Plaintiff, "Now remove the paper from the back window." Plaintiff responded, "Fuck it, I'll do it but I don't see why you're tripping on that window because you're not feeding me from the back of the cell." When Plaintiff removed the paper, Portillo said, "Fuck that nigger, you're not eating this morning or anytime I work in this building, now 602 that." Plaintiff alleges that Portillo refused to feed breakfast and lunch in retaliation for Plaintiff filing a staff complaint against him. He claims Portillo's actions were retaliatory in violation of the First Amendment.

Plaintiff asks that Defendants be enjoined from confining him in a prison located in California's hyperendemic region for Cocci. He asks that he be awarded compensatory damages in an amount to be determined by a jury. He asks for punitive damages in the amount of $50,000.00 and an award of $4.00 in nominal damages.

**C.   DISCUSSION**

1.   Rule 18(a), 20(a)(2) - Improper Joinder of Unrelated Claims

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).

6

Here, Plaintiff claims he is in imminent danger of a serious risk to his health because he is being housed in a hyperendemic area for Coccidioidomycosis. He claims Defendants have violated his constitutional rights under the Eighth Amendment by refusing to move him to a region where he would not be at risk of contracting the Cocci/Valley Fever. Plaintiff then brings several unrelated claims concerning leaks in his cell and in his building, and retaliatory actions by Defendants in ransacking his cell and denying him meals. While Plaintiff's claims concerning Valley Fever and the leak to his room are conditions of confinement claims, the events giving rise to the claims are separate and distinct. Plaintiff's claims of retaliation are also unrelated within the meaning of Rule 20 and may not be properly joined in this one action. Fed. R. Civ. P. 20(a)(2); Coughlin, 130 F.3d at 1351; Desert Empire Bank, 623 F.3d at 1375. Therefore, those claims are dismissed from this action, without prejudice to renewal in a separate action. This action is limited to Plaintiff's claims against Defendants Gipson, Davey, Santor, Lopez, Swift, Perez, Sexton, Jennings, Smith, Cavazos, Lambert, Johnson, Junious, Broomfield, Moreno, Rodriguez, Rousseau, Gamboa, Munoz, Callow, De La Cruz, De Los Santos, Valdez, Gonzalez, Vogel, Weatherford, A. Perez, Hernandez, Molina, Leon, Peterson, Case, Nail, Calhoun, Madsen, Mason, Montoya, Cuevas, Padanos, Kimbrell, P. Davis, Diaz, Pacillas, Goree, Cribbs, Buckley, Doe, Beregovskaya, Clark, Wang, Kim, Moon, Gill, Rouch, Bondoc, and Osuma for the actions or omissions taken with respect to Plaintiff's request to transfer from CSP to a prison in a region not at risk for Coccidioidomycosis.

2.     Rule 8 - Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff is

7

required to present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

With respect to his claim concerning CSP being in a hyperendemic region for Cocci, Plaintiff names 56 Defendants. Aside from his general allegation that he requested transfer from these 56 named individuals but the requests were ignored, Plaintiff provides little factual support. For instance, Plaintiff fails to state if he made the requests individually and the circumstances surrounding each request, or if merely made one blanket request naming all 56 individuals. The Court notes that many of the named Defendants are secretaries, directors, wardens, associate wardens, captains, lieutenants and others in supervisory positions. It is unclear if Plaintiff is naming these individuals based solely on their titles and positions of authority, or if they somehow personally participated in a deprivation of his rights. As noted above, liability may not be imposed under a theory of *respondeat superior*, and Plaintiff must demonstrate how each Defendant personally participated in a denial of his rights. Jones, 297 F.3d at 934; Iqbal, 556 U.S. at 676-77. Plaintiff need not go into great factual detail, but he must supply sufficient facts to allow the Court to screen his complaint, and to allow each Defendant to understand the claims against him/her.

3.  Eighth Amendment – Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151–52 (9th Cir.2010); Foster v. Runnels, 554 F.3d 807, 812–14 (9th Cir.2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed

8

him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

    *a. Serious Medical Need*

In this case, Plaintiff alleges that he is housed at CSP which is in a region hyperendemic to Cocci. The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Sullivan v. Kramer, 2014 WL 1664983, at *5 (E.D. Cal. 2014); Lua v. Smith, 2014 WL 1308605, at *2 (E.D. Cal. 2014); Smith v. Yates, 2012 WL 1498891, *2 (E.D.Cal. Apr.27, 2012); Willis v. Yates, 2009 WL 3486674, at *3; King v. Avenal State Prison, 2009 WL 546212, *4 (E.D.Cal. 2009). Therefore, to the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores exist, he fails to state a claim. Smith, 2012 WL 1498891, *2 (citing King v. Avenal State Prison, 2009 WL 546212, *4); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D.Cal. Dec.9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D.Cal. Oct.23, 2009). "One cannot state an Eighth Amendment claim based solely upon exposure to, or contraction of, Valley Fever." Chaney v. Beard, 2014 WL 2957469, at *3 (E.D. Cal. 2014); but, c.f., Beagle v. Schwarzenegger, 2014 WL 9866913 (E.D.Cal. 2014) (finding exposure to Valley Fever may state a claim under the Eighth Amendment).

    *b. Deliberate Indifference*

Plaintiff alleges that Defendants were responsible for his safety, security, health and well-being, and it was their decision to deny Plaintiff a transfer to a location not contaminated with Cocci/Valley Fever. Taking these allegations as true, Plaintiff has failed to establish that any Defendant acted with deliberate indifference. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson

9

v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir.2002)).  The factual allegations set forth in the complaint do not establish that anyone "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.  As noted above, ignorance of the need to act or negligent failure to act as they should have, does not give rise to a cognizable constitutional claim.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

   4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

  Dated: **February 24, 2016**      /s/ *Dennis L. Beck*
                  UNITED STATES MAGISTRATE JUDGE