# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | 1:15-cv-00666-DAD-GSA-PC |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (ECF No. 33.)** |
| v. | |
| JEFFREY BEARD, et al., | **THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |
| Defendants. | **ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM** |

**I.     BACKGROUND**

Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 5, 2014, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On April 30, 2015, the case was transferred to the Fresno Division of the Eastern District of California.  (ECF No. 6.)

On February 24, 2016, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 22.)  On June 27, 2016, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (ECF No. 33.)

1

## II.   SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).   While factual allegations are accepted as true, legal conclusions are not.   Iqbal, 556 U.S. at 678.   However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).   "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, where the events at issue occurred.   Plaintiff names the following 50 individuals as Defendants:   Jeffrey Beard, D. Daveys, Connie Gipson, R. K. Swift, T. Perez, M. Sexton, M. Jennings, J. C. Smith, R. S. Lambert, S. Johnson, M. Junious, R. Broomfield, C. Moreno, C. Rodriguez, S. C. Rousseau, C. Munoz, J. Callow, A. De La Cruz, A. Valdez, A. De Los Santos, A. Gonzales, R. Vogel, A. Perez, D. B. Hernandez, E. Molina, S. Leon, A. Peterson, D. Case,

M. Calhoun, D. Madsen, M. Mason, M. Cuevas, V. Montoya, J. Padanos, P. Davis, N. Diaz, A. Pacillas, D. Goree, M. Oliveira, Mary Kimbrell, Karen Cribbs, Teresa Macias, Jeffrey Wang, Olga Beregovskaya, Edgar Clark, Julian Kim, Jong Moon, Ravijot Gill, P. Rouch, and M. Mays (collectively, "Defendants").

Plaintiff's allegations follow:

CSP is located in a hyper-endemic region for Coccidioidomycosis (Cocci), a fungus which causes the disease known as Valley Fever.  African-Americans, Filipinos, people with weak immune systems, such as those with an organ transplant or who have HIV/AIDS, and those with chronic illnesses such as Diabetes and chronic lung disease requiring oxygen, are at increased risk of developing severe disease.  Individuals with a prior history of Cocci are immune to subsequent infection.

Plaintiff is an African-American man who has never contracted Valley Fever and is at an increased risk of extrapulmonary [*sic*] complications caused by Valley Fever.  Plaintiff has been diagnosed with chronic obstructive pulmonary disease, asthma, uncontrolled hypertension, and a degenerative bulging disc in his neck and back, resulting in chronic pain. Plaintiff requested to be transferred to California State Prison-Sacramento, which is located in a non-hyper-endemic region for Valley Fever.

On July 10, 2013 and September 17, 2013, Plaintiff sent letters to Defendant Jeffrey Beard, informing him that Plaintiff is an African-American prisoner, apprising him of Plaintiff's medical maladies, and requesting to be transferred out of the hyper-endemic region. Defendant Beard refused and/or failed to respond to the letters.

On July 10, 2013, Plaintiff also sent letters or Inmate Request for Interview forms to these 27 Defendants: Connie Gipson, R. K. Swift, M. Sexton, M. Jennings, J. C. Smith, R. S. Lambert, S. Johnson, M. Junious, C. Moreno, C. Rodriguez, S. C. Rousseau, J. Callow, R. Vogel, A. Peterson, M. Calhoun, D. Madsen, M. Mason, P. Davis, N. Diaz, Mary Kimbrell, Jeffrey Wang, Olga Beregovskaya, Edgar Clark, Julian Kim, Jong Moon, Ravijot Gill, and P. Rouch, informing them of the same facts and requesting to be referred to the Institutional Classification Committee (ICC) so he could be transferred.  The Defendants ignored Plaintiff's

///

written requests.  Plaintiff subsequently informed these same 27 Defendants in person.  They all refused to refer Plaintiff to the ICC.

On October 15, 2013, Defendant Davis told Plaintiff that although Plaintiff is an African-American, he is properly housed at CSP.

During consultations with eight of the Defendants who are medical personnel, these eight Defendants admitted that they know Plaintiff is at an increased risk for extrapulmonary complications, but they were instructed to classify him as medium-risk.

On October 15, 2013, Plaintiff sent CDCR-22 Request for Interview forms to Defendants Jeffrey Wang, Olga Beregovskaya, Edgar Clark, Julian Kim, Jong Moon, Ravijot Gill, and P. Rouch, requesting to be taken back to the ICC for transfer, due to his serious medical conditions.  Each of the six Defendants refused and/or failed to respond to the request for transfer.

On October 22, 2014, Plaintiff sent CDCR-22 Request for Interview forms to Defendants Karen Cribbs, N. Diaz, A. Pacillas, D. Goree, Mary Kimbrell, and Teresa Macias.

On September 3, 2014, Plaintiff sent Defendant Daveys a letter, informing him that Plaintiff is an African-American, apprising him of Plaintiff's medical conditions, and requesting transfer.  Defendant Daveys refused and/or failed to respond.

Plaintiff alleges that Defendants Jeffrey Beard, D. Daveys, Connie Gipson, R. K. Swift, M. Sexton, M. Jennings, J. C. Smith, R. S. Lambert, S. Johnson, M. Junious, C. Moreno, C. Rodriguez, S. C. Rousseau, J. Callow, R. Vogel, A. Peterson, M. Calhoun, D. Madsen, M. Mason, P. Davis, N. Diaz, A. Pacillas, D. Goree, Mary Kimbrell, Karen Cribbs, Jeffrey Wang, Olga Beregovskaya, Edgar Clark, Julian Kim, Jong Moon, Ravijot Gill, P. Rouch, and M. Mays acted with deliberate indifference to Plaintiff's needs, and their actions did not advance any legitimate correctional goals.

Plaintiff requests monetary damages and injunctive and declaratory relief.

**IV.   SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## V. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A.    **Prior Screening Order**

The court's prior screening order for this case found that Plaintiff's Complaint failed to state a claim because Plaintiff failed to provide sufficient factual support for his claims, failed to establish that he has a serious medical need because of exposure to Valley Fever, and failed

to allege facts showing that that Defendants knew of a substantial risk of serious harm to Plaintiff and failed to prevent it.  Plaintiff was advised that he must demonstrate how *each* Defendant *personally* participated in a denial of his rights and that he must supply sufficient facts to allow each Defendant to understand the claims against him or her.

Plaintiff's First Amended Complaint suffers from the same deficiencies.  Plaintiff has not set forth facts demonstrating that he has a serious medical need or that any of the Defendants *personally* violated his rights or acted with deliberate indifference.  Therefore, the First Amended Complaint shall be dismissed.  Plaintiff shall be granted another opportunity to amend the complaint to cure the deficiencies found by the court.

**B.    Eighth Amendment Medical Claim**

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm."  Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm).  Therefore, the first step in stating an Eighth Amendment claim is to show that Plaintiff had a serious medical risk. "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'"  Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008).  A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health."  Helling, 509 U.S. at 35.

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety."  Id. (quoting Farmer, 511 U.S. at 837).  "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious."  Id. (citation omitted).

"Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

In this case, Plaintiff alleges that he has been exposed to Valley Fever but has not contracted the disease. To the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he is confined in a location where Valley Fever spores exist, he fails to state a claim. Smith, 2012 WL 1498891, *2 (citing King v. Avenal State Prison, 2009 WL 546212, *4); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009). "One cannot state an Eighth Amendment claim based solely upon exposure to, or contraction of, Valley Fever." Chaney v. Beard, 2014 WL 2957469, at *3 (E.D. Cal. 2014); compare, Beagle v. Schwarzenegger, 2014 WL 9866913 (E.D. Cal. 2014) (finding exposure to Valley Fever may state a claim under the Eighth Amendment); Shabazz v. Beard, 2017 WL 735749 (E.D. Cal. February 3, 2017).

Plaintiff has not shown that his race or medical conditions place him at greater risk of contracting Valley Fever. Research has established that African-Americans are not at greater risk of contracting the disease, although if they do contract it, they are at greater risk of developing a serious case. Plaintiff alleges that defendant Davis told him that although Plaintiff is an African-American, he is properly housed at CSP.

Those at greater risk of infection are those with weak immune systems, e.g., those with an organ transplant, HIV/AIDS, chronic lung disease requiring oxygen, or those being treated for cancer. Plaintiff has not alleged that he has a weak immune system, or that his lung disease is being treated with oxygen. Studies have shown that a person's asthma or pulmonary disease may become worse if he or she becomes infected with Valley Fever, but that neither asthma nor pulmonary disease causes a greater risk of initial infection. Medical personnel told Plaintiff that he is at an increased risk for extra pulmonary complications, causing him to be classified as medium-risk. Hypertension and bulging discs are not associated with a weak immune system.

Therefore, Plaintiff has not shown that he is at increased risk of contracting Valley Fever because of his race or medical conditions.

Moreover, Plaintiff has not shown that any of the Defendants were aware of a substantial risk of serious harm to Plaintiff and deliberately or recklessly disregarded the risk when deciding not to transfer Plaintiff to another institution. First, Plaintiff alleges no facts demonstrating that any Defendant believed Plaintiff had a serious medical need requiring his transfer to another institution. It is not enough for Plaintiff to allege that he sent letters or personally informed each of the Defendants of his risk factors. Plaintiff alleges that Defendants "refused and/or failed to respond" to his requests for transfer. Defendants' failure to respond does not show their awareness of a substantial risk to Plaintiff. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Nor has Plaintiff alleged any facts showing that any of the Defendants acted against him with deliberate indifference. The fact that Plaintiff was not granted a transfer does not show that any Defendant acted with the requisite mindset for deliberate indifference.

If Plaintiff files a Second Amended Complaint, he should only name Defendants who he reasonably believes are liable for their involvement in violating Plaintiff's rights, knew Plaintiff had a risk of serious harm, and deliberately ignored the risk. To succeed with a claim, Plaintiff should first **name** a Defendant and state the Defendant's **title** or type of employment at CSP. Second, Plaintiff should give facts showing that the Defendant had the **authority** to transfer Plaintiff. Last, Plaintiff should allege facts showing that the Defendant **knew** that Plaintiff had a serious medical need and was at substantial risk of serious harm, but **deliberately disregarded** the risk when **refusing** to transfer Plaintiff.

While the court recognizes that the exact circumstances required to state a claim under the Eighth Amendment based on Valley Fever exposure are not clear, it is well settled that exposure to, and contraction of, Valley Fever alone, while housed at an endemic institution are not, by themselves, sufficient to state a claim under the Eighth Amendment. In other words, the premise that the location of CSP is so inherently dangerous due to the presence of Valley

Fever cannot support a constitutional violation.  See Hines v. Youssef, 2015 WL 164215, at *4 (E.D. Cal. 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); accord Williams v. Biter, 2015 WL 1830770, at *3 (E.D. Cal. 2015).  This premise is unacceptable where free citizens residing in the surrounding areas tolerate this increased risk, regardless of race or medical condition.  "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk exposure to Coccidioides immitis spores," and "[u]nless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate."  Hines, at *4; see also Smith v. State of California, Case No. 1:13-cv-0869-AWI-SKO (PC), 2016 WL 398766, *1 (E.D. Cal. Feb. 2, 2016); see also Cunningham v. Kramer, Case No. 1:15-cv-01362-AWI-MJS (PC), 2016 WL 1545303 (E.D. Cal. Apr. 15, 2016) (discussing history of case law in Valley Fever cases).

Here, Plaintiff fails to allege facts to indicate that the risk of exposure to Valley Fever at Corcoran State Prison is any higher than the surrounding community.  Therefore, Plaintiff fails to state a claim for his exposure to Valley Fever.

## VI. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983.  The court will dismiss the First Amended Complaint and grant Plaintiff leave to file a Second Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Accordingly, the court will provide Plaintiff an opportunity to file another amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights.  Fed. R. Civ. P.

8(a); <u>Iqbal</u>, 556 U.S. at 678; <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff

///

must demonstrate that each Defendant *personally* participated in the deprivation of his rights by their actions.  <u>Id.</u> at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to amend;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

4.    Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-00666-DAD-GSA-PC; and

5.    If Plaintiff fails to file a Second Amended Complaint within thirty days, this case may be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   __**April 6, 2017**__          _____**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE